**SO ORDERED: June 17, 2005.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| John R. Eder, | ) | Case No. 04-90599-BHL-7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Dinah Carter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 04-9032 |
| | ) | |
| John R. Eder, | ) | |
| | ) | |
| Defendant. | ) | |

**JUDGMENT**

This matter comes before the Court on the **Complaint to Determine Dischargeability of Debt**, filed by the Plaintiff on May 5, 2004. The Defendant filed his **Answer to Complaint** on August 17, 2004. On October 7, 2004, the Defendant filed his **Motion for Summary Judgment**, which, after further briefing by the parties, the Court denied in its **Order Denying Defendant's**

**Motion for Summary Judgment**, entered March 18, 2005. Trial was set, and the matter was heard on June 13, 2005. At the trial both parties appeared by counsel and the Court heard testimony and took evidence.

At the conclusion of the trial, the Court read certain findings of fact and conclusions of law into the record, which are incorporated herein by reference and made a part hereof. Specifically, the Court found that the debt for which a determination of dischargeability was sought by the Plaintiff was in the nature of a property settlement and was not the type excepted from discharge under 11 U.S.C. § 523(a)(5).

In making a determination of the nature of an obligation under § 523(a)(5), the Court is not bound by the labels attached to it in a divorce agreement. *In re Reines*, 142 F.3d 970, 972 (7th Cir. 1998). Because the Court finds that the debt in question is in the nature of a property settlement, the Court further finds that paragraph "Q" of the Marital Settlement Agreement, which provides that the debt in question shall "be considered as lump sum maintenance to the non-bankrupt party, and which amount shall be expressly non-dischargeable in any bankruptcy proceeding," is not enforceable. *See*, *In re Bisbach*, 36 B.R. 350, 352 (Bankr.W.D.Wis.1984).

Therefore, for the reasons set forth above and in the record of the trial, the Court enters **JUDGMENT** in favor of the Defendant.

###